# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL V. PELLICANO,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-0698 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **THE OFFICE OF PERSONNEL MANAGEMENT, INSURANCE OPERATIONS, HEALTH INSURANCE II,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is the report and recommendation ("Report") (Doc. 45) of Magistrate Judge Saporito, which recommends that the cross-motion for summary judgment filed by plaintiff Michael V. Pellicano, (Doc. 37), be denied, and the cross-motion for summary judgment filed by defendant Office of Personnel Management ("OPM"), (Doc. 35), be granted. Also pending is plaintiff's motion for reconsideration, (Doc. 49), of Judge Saporito's Order, (Doc. 44), denying his motion for oral argument and discovery.

Based on the foregoing, Judge Saporito's Report will be **ADOPTED IN ITS ENTIRETY**, the plaintiff's objections will be **OVERRULED**, and OPM's

cross-motion for summary judgment will be **GRANTED**. Plaintiff's motion for reconsideration will be **DENIED**.

I. **BACKGROUND**

Since Judge Saporito stated the complete background of this case in his report and since the parties state it in their briefs, the court does not fully repeat it herein. Plaintiff is a retired federal employee who was disabled after suffering a spinal cord injury in 2002, which rendered him a quadriplegic. He is enrolled in the NALC Health Benefit Plan covered by the Federal Employee Health Benefit Act ("FEHBA"), 5 U.S.C. §8901, *et seq.* Plaintiff originally filed this action seeking judicial review of five decisions of OPM. However, two of plaintiff's claims were previously dismissed with prejudice by the court. *See* 2018 WL 771362 (M.D.Pa. Jan. 19, 2018) adopted by 2018 WL 798172 (M.D.Pa. Feb. 9, 2018). With respect to Claim Nos. Y15099009, Y16063002 and Y15035005, the court remanded them to OPM for reconsideration and development of an adequate record for judicial review, and stayed this case pending the outcome of the administrative proceedings.

On remand, OPM essentially reaffirmed its decisions regarding plaintiff's three claims. On October 31, 2018, the court lifted the stay in this case since the administrative proceedings on remand were completed and then issued a scheduling Order. On May 28, 2019, the parties filed their cross-motions for summary judgment. The motions were then briefed. On February 11, 2020, Judge Saporito issued his report. (Doc. 45). Plaintiff filed objections to the report and his motion for reconsideration. (Doc.50).

Remaining in plaintiff's case are Claim No. Y15099009, Claim No. Y15035005 and Claim No. Y16063002, and he seeks judicial review of these three final decisions of OPM upholding his health insurer's denial of coverage and calculation of plan allowances for the cost of durable medical equipment ("DME"). The report details the specifics of each Claim.

At issue with respect to Claim No. Y15099009 is whether plaintiff is responsible for the $83.00 balance after his Plan's paid benefit for parts and repair to his shower commode chair. Following remand and consideration of additional information, OPM found that the Plan correctly determined coverage and the applicable Plan allowance for the chair.

Regarding Claim No. Y15035005, following remand, OPM reversed the Plan's decision and found that the FES cycle ergometer met DME criteria and, thus repair costs for it were covered. However, OPM found that the Plan

had correctly determined the allowance for this item. OPM found that the discretionary payment for the claim of $70.98 toward the repair parts was proper and that plaintiff was responsible for the $13.48 remainder.

As to Claim No. Y16063002, on remand, OPM affirmed its prior decision that the Plan's denial of coverage for plaintiff's replacement shower commode chair was proper since it was not a covered item under the Plan's DME benefits. It found that NALC's denial of pre-authorization for a new shower commode chair was proper under the Plan since the chair was ineligible for coverage.

The report recommends that the court grant OPM judgment based on the administrative record that was submitted and finds that OPM's three decisions were not arbitrary and capricious. Plaintiff objected to the report regarding its recommendation as to all three decisions of OPM. Plaintiff also filed a motion for reconsideration of Judge Saporito's Order denying him discovery. OPM filed briefs in opposition to plaintiff's objections and to his motion for reconsideration.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

### III. DISCUSSION

At issue here is whether OPM's decisions regarding plaintiff's three

claims were arbitrary and capricious. Since the report states the correct scope of judicial review regarding OPM's health benefit denial decisions under the FEHBA, the court will not fully repeat it. *See also* Pellicano v. OPM, 714 Fed.Appx. 162, 165 (3d Cir. 2017). (OPM's decisions are "governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A). Under the APA, this judicial review is limited to determining whether the agency's actions were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.") (citation omitted). "An agency action may be arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" Smith v. OPM, 80 F.Supp.3d 575, 582 (E.D.Pa. 2014) (quoting Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013)).

"Agency action may not be set aside as arbitrary and capricious if the decision was based on full consideration of the relevant factors and there is a 'rational connection between the facts found and the choice made.'" Pellicano v. OPM, 714 Fed.Appx. at 165 (citation omitted). Thus, "Pellicano

[] face[s] an exacting burden of proof and persuasion when he ask[s] the District Court to find that OPM's actions in his case should be reversed." *Id.*

Here, Judge Saporito applied the "deferential standard of review", *id.*, and found that OPM's decisions regarding the plaintiff's three claims rationally relied on the language in the Plan's brochure, its claims manual, and its contract with OPM. The report details the additional material that OPM relied upon in reviewing plaintiff's claims on remand. The report finds that the record after remand on all three claims is sufficient to determine that OPM's coverage decisions were reasonable. As such, the report finds that the agency actions regarding all three claims were not arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law.

Thus, the report finds that plaintiff failed to show that OPM acted arbitrarily and capriciously with respect to its decisions.

With regard to Claim Nos. Y15099009, Y16063002 and Y15035005, the plaintiff does not argue anything in his objections to Judge Saporito's report that he did not argue previously in support of his summary judgment motion and in response to OPM's motion. In considering the arguments of both parties, as well as applicable regulations regarding judicial review of an agency decision made under the FEHBA, Judge Saporito concluded that the

three decisions were not arbitrary and capricious. Judge Saporito also explains why plaintiff's reliance on Weight Loss Healthcare Centers of America, Inc. v. OPM, 655 F.3d 1202 (10th Cir. 2011), is misplaced since in plaintiff's case, on remand, OPM received the necessary supporting evidence and explanation from NALC and, then utilized them in making its final decisions as reflected in his report. *See* Mereness v. OPM, 202 F.Supp. 3d 1071, 1075 ("[T]he Supreme Court has articulated that, under the arbitrary and capricious standard, the 'agency must articulate a rational connection between the facts found and the choice made' to be upheld.") (citation omitted).

The court agrees with the sound reasoning which led to Judge Saporito's conclusions. To this extent, and for the reasons articulated in Judge Saporito's report and recommendation, it will be adopted in its entirety.

In two separate Orders, Judge Saporito denied plaintiff's motions to conduct discovery beyond the administrative record and for oral argument. (Docs. 31 & 44.). Judge Saporito found that plaintiff failed to show why additional discovery was needed in light of the complete administrative record which was developed after his case was remanded. He also found that the facts and law involved in this case did not require oral argument. Plaintiff seeks reconsideration of these Orders.

With respect to plaintiff's motion for reconsideration of Judge Saporito's Order denying him discovery and oral argument, (Doc. 49), it will be denied. The regulations governing federal employee health benefits plans "state that the scope of judicial review in such an action, 'will be limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits,'" Pellicano v. OPM, 714 Fed.Appx. at 165, and the administrative record that was submitted after the remand was complete with additional supporting evidence that was thoroughly reviewed by Judge Saporito in his report. *See also* Smith, 80 F.Supp.3d at 587 ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court", and "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. §706, to the agency decision based on the record the agency presents to the reviewing court.") (internal citations omitted).

Also, as the report points out, when plaintiff's three claims were remanded to OPM, OPM requested and received explanations and additional documentation from the Plan. However, even though OPM allowed plaintiff to submit additional information, he did not do so.

## IV. CONCLUSION

Based on the preceding and our review of the record, the court finds that Judge Saporito conducted the proper judicial review regarding plaintiff's remaining three claims and correctly determined that OPM's decisions were not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. As such, Judge Saporito's report, (Doc. 45), shall be **ADOPTED IN ITS ENTIRETY** by the court. The plaintiff's objections, (Doc. 50), shall be **OVERRULED**. OPM's cross-motion for summary judgment, (Doc. 35), shall be **GRANTED** and, plaintiff's cross-motion for summary judgment, (Doc. 37), shall be **DENIED**. The clerk of court will be directed to enter **JUDGMENT** in favor of OPM with respect to plaintiff's Claim Nos. Y15035005, Y15099009, and Y16063002.

Additionally, the plaintiff's motion for reconsideration of Judge Saporito's Doc. 44 Order, (Doc. 49), shall be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 30, 2020**
17-0698-01-Word