UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL V. PELLICANO,** : | |
| : | |
| Plaintiff | CIVIL ACTION NO. 3:17-0698 |
| : | |
| v. | (JUDGE MANNION) |
| : | |
| **THE OFFICE OF PERSONNEL MANAGEMENT, INSURANCE OPERATIONS, HEALTH INSURANCE II,** : | |
| : | |
| Defendant : | |

## MEMORANDUM

By Memorandum and Order dated March 30, 2020, this Court found that the defendant's decisions regarding plaintiff's three claims of coverage were not arbitrary and capricious, and therefore granted defendant's cross-motion for summary judgment and overruled plaintiff's objections. (Docs 53, 54).

On April 23, 2020, plaintiff filed a motion for reconsideration of this Court's March 30, 2020 Memorandum and Order, stating that defendant's decisions were arbitrary and capricious. (Doc. 58). Based on the following, plaintiff's motion for reconsideration will be **DENIED**.

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.); *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one … [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia, LLC*, 73 F. Supp. 3d at 491 (quoting *Mpala v. Smith*, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed. Appx. 3 (3d Cir. 2007)) (alteration in original).

Plaintiff argues that even after defendant, Office of Personnel Management, reconsidered the coverage decisions on remand, they still acted arbitrarily and capriciously by failing to "[o]btain an advisory opinion from an independent physician" to properly assess the coverage for plaintiff's claims. (Doc. 58, at 9). Although defendant did not obtain an independent medical opinion, plaintiff also failed, on remand, to provide additional information regarding the coverage decisions that could have influenced the outcome. (Doc. 45, at 7-8, 12, 18). To reconsider plaintiff's coverage, defendant obtained its own additional materials to develop its record and reasonably affirmed its previous decisions. It was at the remand stage that plaintiff could have brought other arguments that were available and provide additional information to influence the outcome, but he did not.

Plaintiff seeks reconsideration for the denial of oral argument and discovery, but his motion presents no new arguments. To review an agency's decision, the Court is limited to the record that was before the agency when it rendered that decision. (Doc. 53 at 9.) Since plaintiff was afforded the opportunity to provide additional information after the Court's remand, but did not do so, the Court is provided with the same evidence as before and is led to the same conclusion. Plaintiff presents no basis for reconsideration for the denial of his motions.

Accordingly, plaintiff's motion for reconsideration (Doc. 58) will be **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATE: February 25, 2021**
17-698-02